IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SCOTT MACARTHUR,  )
                           Plaintiff,  )
v.  )   No. 1:13-cv-0078
   )   Chief Judge Haynes
MARSHALL COUNTY JAIL and  )
TODD KNOIS,  )
                           Defendants.  )

## MEMORANDUM

Plaintiff, Scott MacArthur, an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Marshall County Jail and Todd Knois (Docket Entry No. 1). Although the Court granted Plaintiff's leave to proceed as a pauper under 28 U.S.C. § 1915(e)(2) the Court must review of the complaint prior to service on the defendant(s), to assess whether the complaint states a claim for relief.

According to his complaint, Plaintiff asserts eight separate claims that are, in sum:

(1) That the "handicap shower" in "Medical Pod I" was inoperable for approximately five weeks, despite repeated grievances addressed to Todd Knois by Plaintiff;

(2) That there is black mold throughout the jail, although it was painted over in the Medical Pod;

(3) That the air-conditioning vents are covered with rust;

(4) That a sink in the unit where Plaintiff is housed is not functioning properly ("water shoots 3 feet in the air" when it is turned on);

(5) In retaliation for filing grievances related to the above-referenced issues, Plaintiff was "segregated" by being placed by himself in a pod that normally

houses ten people;

(6) After not getting any response to his complaints about jail conditions, Plaintiff wrote a letter to State Representative Billy Spivey; shortly thereafter, a person who identified himself as TDOC Officer Meadows met with Plaintiff and threatened to sabotage Plaintiff's Social Security disability claim if Plaintiff did not stop writing letters to Billy Spivey or anyone else about jail conditions. Plaintiff claims that "Todd Knois and the Jail Administration put Mr. Meadows up to this."

(7) Corrections Officers serving food to prisoners do not wear hairnets or gloves; food is not covered properly; and the inside of food carts is moldy and dirty; and

(8) Corrections Officers chew tobacco products while on duty and while serving inmates' food.

(Docket Entry No. 1, at 5–6.)

For his Section 1983 claims, Plaintiff must allege a violation of his federal constitutional rights and that the violation was committed by a person acting under color of state law. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). As to Defendant Marshall County Jail, the jail is not a legal entity or person subject to a § 1983 action. *Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983.").

Liberally construed, Plaintiff's claim is against Marshall County that operates the Marshall County Jail. As for Plaintiff's conditions-of-confinement claims, whether the claim is under the Eighth Amendment, *Helling v. McKinney*, 509 U.S. 25, 31 (1993) for convicted prisoners or the Fourteenth Amendment for pretrial detainees, *Bell v. Wolfish*, 441 U.S. 520 (1983) "the treatment a prisoner receives in prison and the conditions under which he is confined

are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials "must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Prisoner jail conditions must inflict "unnecessary and wanton infliction of pain" to state an Eighth Amendment claim or deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Under these standards, Plaintiff's allegations regarding malfunctioning sinks and showers to maintain basic hygiene, mold growing in the jail building and rust on the air-conditioning vents are suggestive of unsanitary living conditions and are sufficiently serious to state an Eighth or Fourteenth Amendment claim.

Plaintiff also asserts a claim against Defendant Knois for retaliation under 42 U.S.C. § 1983 for which a plaintiff must allege: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). An inmate has a First Amendment right to file grievances against prison officials. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

Here, Plaintiff alleges that he filed grievances about the conditions of his confinement and as a consequence, Defendant Knois segregated him from other inmates and threatened to sabotage Plaintiff's Social Security disability claim. Plaintiff alleges both these actions were taken in response to his grievances and written letters to his state representative. The Court concludes that Plaintiff also states a First Amendment claim for retaliation against Defendant

Todd Knois.

An appropriate Order is filed herewith.

**ENTERED** this the 8th day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court