IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SCOTT MACARTHUR, )
)
    Plaintiff, )
)
v. ) No. 1:13-cv-0078
) Chief Judge Haynes
MARSHALL COUNTY JAIL and )
TODD KNOIS, )
)
    Defendants. )

**O R D E R**

Plaintiff, Scott MacArthur, an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Marshall County Jail and Todd Knois (Docket Entry No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Docket Entry No. 2).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* affidavit and a prison trust-fund account statement as required by 28 U.S.C. § 1915(a)(2), and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Docket Entry No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The plaintiff is hereby **ASSESSED** the $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of

the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Marshall County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the Plaintiff to his new place of confinement for continued compliance with this order. If the Plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court immediately, in writing, of his change of address.

In accordance with the Memorandum filed herewith, Plaintiff states viable claims against

-2-

Case 1:13-cv-00078   Document 4   Filed 08/08/13   Page 2 of 3 PageID #: 25

the Defendants Marshall County and Todd Knois. The Clerk is **INSTRUCTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for that Defendant. Plaintiff MUST complete the service packet and return it to the Clerk's Office within 30 days of the date of receipt of this order. Upon return of the service packet, **PROCESS SHALL ISSUE.**

Plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized if he fails to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

**ENTERED** this the _8th_ day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

-3-

Case 1:13-cv-00078   Document 4   Filed 08/08/13   Page 3 of 3 PageID #: 26