IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SCOTT MACARTHUR, )
)
Plaintiff, ) Case No. 1:13-00078
) Judge Haynes
v. )
)
MARSHALL COUNTY JAIL and )
TODD KNOIS, )
)
Defendants. )

**MEMORANDUM**

Plaintiff, Scott MacArthur, filed this action under 42 U.S.C. § 1983 against the Defendants: Marshall County Jail and Todd Knois. Plaintiff asserts claims under the First and Eighth Amendments for the conditions of his confinement at the Marshall County Jail and for the Defendants' retaliation for his filing of grievances about those conditions. As to specific conditions of confinement, Plaintiff cited a broken handicap shower, black mold throughout the jail, rust covered air vents, a broken sink, food served without wearing hairnets or gloves, dirty food carts and food servers chewing tobacco. Plaintiff filed grievances and alleges that Defendants segregated him from other inmates and attempted to sabotage his Social Security disability claim for his filing of those grievances and Plaintiff's contact with Tennessee State Representative Billy Spivey.

Before the Court is the Defendants' motion for summary judgment (Docket Entry No. 60) contending that the facts do not support a judgment on Plaintiff's claims and that the Defendants' decisions about the Plaintiff were based upon the legitimate institutional concerns. In response to the Defendants' motion for summary judgment, Plaintiff filed copies of his grievances. (Docket

Entry No. 72).

## A. Findings of Fact[1]

Plaintiff was confined at the Marshall County Jail from April 18, 2013 until December 11, 2013. (Docket Entry No. 67, Affidavit of Sabrina Patterson at ¶ 7). Plaintiff was housed in a single cell due to multiple complaints from inmates, including one inmate's threat to harm Plaintiff. Id. at ¶ 28. Jail policy requires protective custody confinement for inmates who have problems in the general inmate population. Id. Plaintiff was also placed on disciplinary lock-down at the Marshall County Jail for hoarding medication. (Docket Entry No. 64, MacArthur Deposition at 111). Plaintiff submitted one hundred fifty (150) grievances during his four (4) months at the Marshall County Jail. (Docket Entry No. 67 at ¶ 27). Defendants responded to those grievances that required changes. Id.

After visiting with Plaintiff, Miller Meadows, a state corrections inspector, reported to the Marshall County Jail administration that Plaintiff's primary complaint was about a broken handicap shower chair and his inability to shower without the chair given his disability. (Docket Entry No. 66, Meadows Affidavit at ¶ 3; Docket Entry No. 67, Patterson Affidavit at ¶ 25). Sabrina Patterson, the jail administrator, provided a video of Plaintiff playing baseball in the Pod to demonstrate that Plaintiff's disability would not prevent him from showering without a chair. (Docket Entry No. 66, Meadows Affidavit ¶ 4). On May 5, 2013, Plaintiff filed a grievance about the broken handicap

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

shower chair in the medical pod because the shower chair would allegedly collapse during his use. (Docket Entry No. 1 at 5; Docket Entry No. 67, Patterson Affidavit at ¶ 9; Docket Entry No. 64, MacArthur Deposition at 56). Sabrina Patterson responded by requesting a work order to have the chair repaired by the Marshall County maintenance department. (Docket Entry No. 67, Patterson Affidavit at ¶ 9; Docket Entry No. 64, MacArthur Deposition at 56).

Under Jail policy, corrections officers report any needs for maintenance or repair to the Jail administrator who sends requests to the Marshall County Maintenance Department. (Docket Entry No. 67, Patterson Affidavit at ¶ 8). There is not a separate maintenance department that provides services to only the Jail. Id. The shower chair was fixed on June 6, 2013. Id. at ¶ 9. Plaintiff, however, showered without the chair and with alleged difficulty, but Plaintiff admits the difficulty was temporary and did not harm him. (Docket Entry No. 64, MacArthur Deposition at 59-60).

Plaintiff asserts that he "discovered" black mold in April shortly after he arrived because he could see it everywhere throughout the jail. (Docket Entry No. 64, MacArthur Deposition at 62). According to Sabrina Patterson, the Jail is cleaned and inspected daily and there has never been black mold present in the Jail. (Docket Entry No. 67, Patterson Affidavit at ¶ 10). The Jail has passed its last five (5) inspections and the Jail has not been cited for a deficiency with regard to sanitation or cleanliness in the past five (5) years. (Docket Entry No. 66, Meadows Affidavit at ¶ 9; Docket Entry No. 67, Patterson Affidavit at ¶ 15). The Jail has often been commended for being an extremely clean and well-run facility. (Docket Entry No. 67, Patterson Affidavit at ¶ 15). Plaintiff has not demonstrated any harm due to his temporary exposure to the black mold claim (Docket Entry No. 64, MacArthur Deposition at 66). Plaintiff has not submitted proof that black mold was present throughout the jail. Marshall County's policy of regular maintenance precludes any County policy

to expose inmates to mold.

As to rust covered air conditioning vents at the Jail, Defendants admit that rust is on some vents due to normal wear and tear as well as inmates placing wet paper towels over the vents causing them to rust. (Docket Entry No. 67, Patterson Affidavit at ¶ 16). Plaintiff has not presented any proof that the rust on vents caused him any injury.

Plaintiff also cited his cell sink as malfunctioning for about a month. Plaintiff's complaint was the sink sprayed a 3 ft. stream into the air every time someone tries to get water. (Docket Entry No. 64, MacArthur Deposition at 77). Plaintiff filed grievances about the sink that continued to malfunction. Id. Jail administration inspected this sink and found it working properly. (Docket Entry No. 65, Knois Affidavit at ¶ 6; Docket Entry No. 67, Patterson Affidavit at ¶ 17). In any event, Plaintiff was never denied access to running water. (Docket Entry No. 64, MacArthur Deposition at 78).

As to corrections officers serving food without wearing hairnets or gloves, Plaintiff wrote a letter to the health department that responded stating that all corrections officers serving food must wear hairnets. (Docket Entry No. 64 MacArthur Deposition at 85). Plaintiff stated that the cooks in the kitchen did not wear hairnets, but he was unsure if the kitchen staff wore gloves. Id. at 87. Food served at the Jail is stored in sanitary, temperature-controlled storage facilities and served on stainless steel food carts that transfer food to individual pods and these carts are cleaned daily. (Docket Entry No. 67, Patterson Affidavit at ¶ 19). Plaintiff could not describe any actual physical injury due to the corrections officers not wearing gloves or hairnets or the food carts being dirty. See 42 U.S.C.A. § 1997e.

As to corrections officers chewing tobacco on duty and during food service to inmates,

Plaintiff filed grievances and Todd Knois issued reminders to all corrections officers of Marshall County's Tobacco Policy. ( Docket Entry No. 65, Affidavit of Knois ¶ 8; Docket Entry No. 67, Affidavit of Patterson ¶ 21-22). Plaintiff admitted that he did not suffer any injury as a result of the guards chewing tobacco.

Todd Knois responded to numerous grievances written by Plaintiff and did not attempt to sabotage Plaintiff's Social Security disability claims. (Docket Entry No. 65, Knois Affidavit at ¶¶ 3-10). Todd Knois has never spoken with anyone about Mr. MacArthur's Social Security disability claim and has never taken any action in that regard. Id. at ¶ 10. As to Plaintiff's Social Security disability claim, Plaintiff testified that he lacks any proof that any Defendant sent anything to the Social Security Administration.

### B. Conclusions of Law

Under the Eighth Amendment, a prisoner has the right to an adequate environment for his or her confinement. Farmer v. Brennan, 511 U.S. 825 (1994). To be unconstitutional, the conditions, "[fall] beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001). Eighth Amendment claims have a subjective and an objective component. Farmer, 511 U.S. at 834. For the objective component, plaintiff must prove a serious deprivation that is a "denial of the minimal civilized measure of life's necessities." Id. For the subjective component, plaintiff must prove the defendants acted with "deliberate indifference" to his safety and with evidence of plaintiff's exposure to a substantial risk of harm that the defendants knowingly disregarded. Id. at 837.

The undisputed fact is that Plaintiff was never deprived of a shower. In any event, temporary

deprivations of personal hygiene and grooming items are not actionable under the Eighth Amendment. Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). Moreover, the Defendants responded to Plaintiff's grievances about the shower chair that was repaired. Such acts do not evince any policy or custom to violate a prisoner's Eighth Amendment right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

As to his retaliation claim, Plaintiff bears the burden to prove that "[his] conduct was constitutionally protected, and that this conduct was a 'substantial factor' or . . . a 'motivating factor'" in the decision to segregate the Plaintiff from other inmates and allegedly sabotage his Social Security disability claim. Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977) (footnote omitted). Plaintiff must "point to specific, nonconclusory allegations reasonably linking" his writing grievances and a letter to Representative Spivey to the alleged adverse actions. Rodgers v. Banks, 344 F.3d 587, 602 (6th Cir. 2003). Plaintiff's personal beliefs about his segregation from other inmates and attempts to sabotage his Social Security disability claim in retaliation for his grievances and writing a letter to Representative Spivey are insufficient to demonstrate the causal connection for a retaliation claim. See Coffey v. Chattanooga-Hamilton County Hosp. Auth., No. 98-6230, 1999 U.S. App. LEXIS 25187, at *13 (6th Cir. Oct. 6, 1999) (finding that "rumors, conclusory allegations and subjective beliefs" are insufficient to defeat a motion for summary judgment) (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992)). The Court concludes Plaintiff cannot prove a factual basis for the Defendants' alleged retaliation and the Defendants are entitled to summary judgment on that claim.

For these reasons, the Court concludes that the Defendants' motion for summary judgment should be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 22nd day of October, 2014.

>                           _____
>                           WILLIAM J. HAYNES, JR.
>                           United States District Judge